(67 South. 921)

No. 20176.

ROBERTS LUMBER CO. v. MORGAN et al.

(March 8, 1915.)

*(Syllabus by the Court.)*

1. BOUNDARIES ☞39—REOPENING CASE—OBJECTIONS TO SURVEYOR'S REPORT—TIME FOR MAKING.

When, in an action of boundary, a surveyor appointed by the court has filed his procès verbal and plat of survey, and the same have been introduced in evidence, and the surveyor has appeared as a witness, and has been examined and cross-examined, and the appellant, who was present when the survey was made, has taken the stand and given his testimony, and the case has been continued for argument, all without objection, the objection that the report of the surveyor had not sufficiently detailed the work done by him, made for the first time when the case is again called, came too late, and the trial court, in refusing to reopen the case, did not abuse the discretion vested in it.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. § 195; Dec. Dig. ☞39.]

2. BOUNDARIES ☞44 — JUDGMENT FIXING BOUNDARY—AFFIRMANCE.

Where the procès verbal and plat of the surveyor appointed by the trial court in an action of boundary are sufficiently definite to enable the trial court so to do, and it renders judgment fixing the boundary, and no error therein is shown, the judgment will be affirmed.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 209–211; Dec. Dig. ☞44.]

Appeal from Twelfth Judicial District Court, Parish of Vernon; J. G. Palmer, Judge.

Petitory action by the Roberts Lumber Company against J. W. Morgan and others. From judgment for plaintiff, defendants appeal. Affirmed.

S. I. Foster, of Shreveport, for appellants. W. W. Thompson, of Shreveport, for appellee.

### Statement of the Case.

MONROE, C. J. This was begun as a petitory action for the recovery of the W. ½ of S. W. ¼ of section 22, township 1 S., range 9 W., Louisiana meridian; but, defendants having disclaimed title to the property so described, and set up title to, and possession of, the adjoining E. ½ of S. E. ¼ of section 21, in the same township and range, the case resolved itself, without objection from either litigant, into an action of boundary, and thereupon, on June 20th, plaintiff moved that a surveyor be appointed to make a survey and establish the boundary, and the court appointed "W. A. Wintle, a legally authorized surveyor," who, on the same day, issued a notice, service of which was at once accepted by defendants' counsel, that he would begin the survey on June 27th at 10 o'clock a. m., which he did, in the presence of J. W. Morgan, one of the defendants, who remained with him until the survey was completed, on June 28th; after which, on June 30th, the case being called for trial, and both parties being present and ready for trial, the surveyor's procès verbal and plat of survey were offered and introduced in evidence without objection. The surveyor was called to the stand as a witness and examined by plaintiff's counsel concerning the same, cross-

examined by defendants' counsel, re-examined in chief, and recross-examined; the whole occupying 13 typewritten pages of the transcript. J. B. Stern, another surveyor, was then called to the stand and examined and cross-examined concerning a survey that he had previously made of the line in dispute, and also as an expert, and in 7 typewritten pages corroborated the testimony, procès verbal, and plat of Mr. Wintle. J. W. Morgan, one of the defendants, then took the stand in his own behalf, and, an admission having been made that he "owns the land lying immediately west of the section line here in dispute and adjoining the land claimed by plaintiff," gave some 4 pages of testimony, and was followed by Mr. Wintle, in rebuttal, which closed the evidence; and, the case having been (quoting from the minutes) "continued to the afternoon session for argument, the court then took a recess until 3:30 p. m. At 3:30 p. m. court met, and the following proceedings were resumed: Counsel for defendant then offers and files a motion to reopen the case, which motion was disallowed by the court. Counsel for defendant excepts to the ruling of the court and reserves a bill. The case was then submitted without argument. For reasons orally assigned by the court, judgment for plaintiff. See decree. Judgment read, signed, and filed. Counsel for the defendant moved for an order of appeal, * * * which * * * the court granted. * * *"

The motion to reopen the case reads as follows:

"Into court now comes the defendant, and moves that the court open the matter for further evidence, before pronouncing judgment, for the following reasons, to wit:

"(1) Article 833 of the Rev. C. C. provides for a full written procès verbal of every act and detail performed by the surveyor in running the disputed line. This report was not made according to the provisions of the Code.

"(2) The evidence of the surveyor and the map filed by him should have embraced every act and the running of every line, whether it be a trial line, a corrective line, or what not, and what results he obtained from the running of said various lines. Said evidence and the map does not embrace more than half, if as many, of the lines, offsets, and measurements actually run by the surveyor, and the results, discrepancies, etc., obtained; that the map attached hereto and made part of the motion shows the various lines, meanderings, and offsets run by the said surveyor; that the defendant, the maker of the map hereto attached, was with the said surveyor on both days of his labor, and made a note of every line and the results obtained, and would show that the map hereto attached is true and correct as to direction and distance.

"(3) That the old government survey was plain, the posts were there, and the section line north and south between secs. 21 and 22 perfectly plain, but the surveyor refused to follow it, saying the degrees of his compass would not follow it; that the said surveyor, after a day's work, abandoned the compass and took up the use of the transit, saying it was more accurate.

"(4) He [defendant] did not have the opportunity of discussing this matter, the work of the surveyor, with his counsel before this case was called for trial, and that his counsel was not furnished with this information until after the evidence had been closed and the reasons [recess] ordered; that he made an attempt to cross-examine the surveyor, but his counsel objected, and dismissed the witness.

"Wherefore he prays that the case be reopened, and the evidence resumed, going to complete the procès verbal of the surveyor, in order that your honor might have before you all the facts, acts, and deeds of the surveyor leading up to the results which he (the surveyor) has placed upon the map this day filed. He attaches hereto, and makes part hereof, a true map or drawing showing the lines run by said surveyor."

### Opinion.

[1, 2] We find in the refusal of the trial court to reopen the case, under the circumstances disclosed by the record, no abuse of the discretion with which that tribunal is vested. If the defendant was not ready to go to trial when his case was called, he should have applied for a continuance. If he had any objections to make to the procès verbal and plat of the surveyor, he should have made them when those documents were offered in evidence. If, during the two days —June 27th and 28th—when, in his presence, the surveyor was engaged in making the survey, or thereafter, up to the moment when, on June 30th, the surveyor completed his testimony, he (defendant) could find no

opportunity to discuss the matter with his counsel, he might even then have asked for some delay for such discussion, and the request would, no doubt, have been granted. But, as he himself took the stand, and was afforded ample opportunity to explain to the court, and to his counsel at the same time, why he differed in opinion with the two surveyors, we are at a loss to understand what further opportunity he needed. Dealing with a somewhat similar situation in another case, this court, through Eustis, C. J., said:

"In the present case the report or procès verbal with a map was prepared by a surveyor on a survey by him made under an appointment which was not formally authorized by the court; nor has the procès verbal the requisite number of witnesses. But the report was admitted in evidence without objection, and the surveyor examined as a witness, and testimony was received pro and con on the trial of the cause. It appears that the appellant was present at the survey and gave directions to the surveyor in relation to his work. He has thus had the full benefit of the evidence to which he now objects. We think the objection came too late. As the survey and procès verbal were sufficiently definite to enable the court of the first instance to fix the boundaries, and as no error has been shown in its judgment, the same must be affirmed." Tucker v. Lefebre, 5 La. Ann. 123.

And so it may be said here. The judgment appealed from is accordingly affirmed.