344 So.2d 1114 (1977)
James T. COPELLAR, Jr., Plaintiff-Appellee,
v.
Robert G. YOUNT and David Yount, Defendants-Appellants.
No. 5861.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1977.
Gahagan & Gahagan by R. E. Gahagan, Natchitoches, for defendants-appellants.
Kelly, Seaman & Ware by Robert L. Salim, Natchitoches, for plaintiff-appellee.
Before CULPEPPER, WATSON and STOKER, JJ.
STOKER, Judge.
This is an appeal by the defendants in a possessory action. The trial court granted judgment to plaintiff, James T. Copellar, Jr., decreeing that he be recognized as the legal possessor of a tract of land "described as the Northeast Quarter (NE ¼) of the Southeast Quarter (SE ¼) of Section 20, Township 11 North, Range 8 West, Natchitoches Parish, Louisiana containing 40 acres more or less."
As we read the briefs of appellants, Robert G. Yount and David Yount, their assignment of error is directed to both the findings of fact of the trial judge and his application *1115 of law. As will be explained, we do not reach any of these issues.
The disturbance complained of by plaintiff-appellee is that defendants constructed a fence across property which had been in the possession of plaintiff without interruption for one year. The evidence discloses that the only possession exercised by plaintiff was the cutting of trees on the property.
At the outset, we note that serious problems arise from the face of the trial court's judgment which require a remand of this case for further proceedings. Article 2089 of the Louisiana Code of Civil Procedure provides:
"All judgments and decrees which affect title to immovable property shall describe with particularity the immovable property affected."
While the judgment contains a typical or standard legal description, our reading of the record convinces us that it does not describe the property in dispute in the sense that it can actually be located. In fact, it may not even lie in Section 20 at all. The transcript of the testimony reveals that the area in question and the property lines in question have never been surveyed. While no survey has been made, the record is clear to the effect that possibly as few as three acres, and at the most nine acres, are involved. The record also suggests that it is quite possible that the acreage in question lies in Section 64 rather than Section 20. It may actually be partly in both sections.
A reading of the property description contained in the judgment (which is the same as that contained in the petition) would lead one to assume that a regular or standard "government" quarter-quarter section of land was involved. If this was so, it would represent forty acres in a square of standard measurements and the corner angles would each be 90 degree angles. However, we gather the parties agree that the property was triangular in shape. It appears to be agreed that Section 64 is an irregularly shaped section lying between parallel lines which run diagonally, that is, northeasterly and southwesterly. The northwesterly side of Section 64 may very well cut across the southeast corner of the NE ¼ of the SE ¼ of Section 20. Therefore, it is possible that Section 20 is not a regular quarter-quarter section at all. The testimony of the witnesses in this case makes references to directions, extent of land and places which have no meaning insofar as relating the testimony to any landmarks which would permit the drafting of a legal description. As noted above, no survey has been made of either the specific acreage in dispute or any of the surrounding area. The only evidence in the record consists of photographs but the photographs themselves indicate little. The testimony concerning the photographs does not meaningfully communicate any information from which a true legal description might be confected.
As so often happens with parties familiar with a parcel of land in question, the parties who testified in this case appeared to understand one another and no doubt the court and counsel did. However, their testimony as it is recorded does not permit the fixing of boundaries, corners, physical monuments or other landmarks necessary to frame an accurate legal description of the tract affected by the trial court's judgment. In short, the parties may know where the disputed land is and where its boundaries are, but no title examiner or surveyor could locate it from the transcript of the trial testimony, even with the aid of the photographic exhibits.
In view of the above, we are of the opinion that the description contained in the trial court's judgment does not properly or adequately describe "the immovable property affected". Therefore, the judgment does not comply with Article 2089 of the Louisiana Code of Civil Procedure. We conclude that the interest of justice requires that we remand this case to the trial court for further proceedings to permit a new trial for the purpose of receiving additional evidence such as land surveys and plats in order that the ruling of the court may include a more adequate property description. We do not mean to suggest or require that section *1116 lines be located. Whether the area in dispute should ultimately prove to be located in Section 20, Section 64 or both, may prove immaterial as a requirement for framing a legal description. However, it is necessary that the disputed tract be described with references to landmarks such as roads, benchmarks, or other locatable monuments or a survey commencing at some established point.[1] We will note, however, that from the standpoint of pleading, the petition is limited to land located within Section 20, Township 11 North, Range 8 West, Natchitoches Parish.
For the reasons assigned, the judgment appealed is reversed and set aside. This case is remanded to the district court for a new trial on all issues and for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against the plaintiff. Assessment of costs in the district court must await a final determination here.
REVERSED AND REMANDED.
NOTES
[1] In this connection see the discussion concerning the necessity of visible boundaries and the necessity of "reliable evidence in the record on which an accurate description can be based" in the Louisiana Supreme Court case of William T. Burton Industries, Inc. v. Wellman, 343 So.2d 996 (decided February 28, 1977). This was a boundary action which was remanded to the trial court for the appointment of a surveyor to survey the property in question despite the fact that the Supreme Court was satisfied defendant had shown possession beyond his title under Article 852 of the Louisiana Civil Code and despite the fact that a visible boundary was established by the evidence.