361 So.2d 971 (1978)
James T. COPELLAR, Jr., Plaintiff-Appellee,
v.
Robert G. YOUNT and David Yount, Defendants-Appellants.
No. 6557.
Court of Appeal of Louisiana, Third Circuit.
August 4, 1978.
Writ Refused October 10, 1978.
Gahagan & Gahagan, Russell E. Gahagan, Natchitoches, for defendants-appellants.
Robert L. Salim, Natchitoches, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
DOMENGEAUX, Judge.
This matter is before us for the second time. It concerns itself with a possessory action which was filed by James T. Copellar, Jr., plaintiff, against Robert G. Yount and David Yount, defendants, in June of 1976. Judgment was subsequently granted in the District Court in favor of plaintiff and against the defendants recognizing the former as the legal possessor and entitled to the legal possession of the following described property:
"That certain piece, parcel or plot of ground, together with all buildings and improvements thereon situated and located and being particularly described as the Northeast Quarter (NE ¼) of the Southeast Quarter (SE ¼) of Section 20, Township 11 North, Range 8 West, Natchitoches Parish, Louisiana containing 40 acres more or less."
*972 That judgment was appealed to us by the defendants who alleged error on the part of the trial judge as to his findings of fact and his application of the law. Because this Court decided that the judgment granting plaintiff possession of the described property was not sufficiently descriptive so as to locate it, as required by Article 2089 of the Louisiana Code of Civil Procedure, we did not reach the issues presented by the appeal. Instead, we reversed the judgment and remanded the case to the District Court for a new trial on all issues. We particularly suggested that additional evidence, such as land surveys and plats, be received into evidence in order that the ruling of the Court would include a more adequate property description. See our previous opinion, 344 So.2d 1114 (La.App. 3rd Cir. 1977).
On remand, the trial judge, upon motion of the attorneys for plaintiff, appointed a registered surveyor to survey the property in question in order to determine the extent of plaintiff's possession. A motion to recall the order appointing the surveyor was filed by defendant David Yount, and, after a hearing, the motion was denied.
Trial on the merits was fixed for July 19, 1977, at which time plaintiff's attorney was present, but opposing counsel was not. The Court allowed a plat of survey into evidence, which was made pursuant to the Court's previous appointment of the registered surveyor. The Court took the matter under advisement. It subsequently was shown that defendants' attorney was absent from the trial because of extenuating circumstances, and, he therefore was granted additional time to make any other offerings in the premises.
Subsequently, on August 16, 1977, plaintiff, alleging that defendant David Yount had allowed a bulldozer to begin clearing operations on the land in litigation, obtained a temporary restraining order restraining David Yount from continuing or allowing the continuance of these operations. The restraining order under its terms and by law, La.C.C.P. Art. 3604, was to expire in 10 days. The order did not provide for a bond, nor was one posted at that time. On August 18, 1977, David Yount filed a rule to dissolve the temporary restraining order and for damages because plaintiff did not furnish security as required by La.C.C.P. Art. 3610. Copellar, Jr. then posted a bond on August 23, 1977.
A hearing was held on September 6, 1977, for the purpose of taking evidence on the restraining order matters and also in connection with a plea of acquisitive prescription filed by defendant, David Yount, on July 29, 1977. At that hearing, Yount's attorney formally objected to the Court's previous allowance into evidence of the aforementioned survey at trial on July 19, 1977. At the termination of the hearing, the District Judge ordered that each side file briefs.
On October 28, 1977, judgment was rendered in accordance with written reasons handed down by the District Judge. The judgment was again in favor of plaintiff, Copellar, Jr., and against the defendants, recognizing Copellar, Jr. as legal possessor, entitled to the legal possession of:
"That certain piece, parcel or plot of ground together with all buildings and improvements thereon situated and located and being particularly described as the Northeast Quarter (NE ¼) of the Southeast Quarter (SE ¼) of Section 20, Township 11 North, Range 8 West, Natchitoches Parish, Louisiana, containing forty acres more or less."
The property was more particularly described by the plat of survey which had been admitted into evidence, which plat was made a part of the description. Additionally, the aforementioned exception of prescription was overruled, attorney's fees for dissolution of the temporary restraining order were denied, the surveyor's fee was recognized and taxed as costs, and all costs were assessed against the defendants.
Defendants have appealed suspensively, alleging three errors:
1. The plat of survey should not have been admitted into evidence;
2. The remand was not for the purpose of establishing the dividing line between Sections 64 and 21, and the *973 evidence on remand failed to properly describe and locate the property in question; and
3. The demand for attorney's fees in connection with the motion for dissolution of temporary restraining order should have been granted.

1.
Defendants contend that the court appointed surveyor did not comply with the requirements of C.C. Arts. 833, 834, 835, and 838,[1] and, hence, the plat which purported to determine the extent of plaintiff's possession was not properly admitted into evidence. We disagree. Those Articles deal with surveys to establish boundary lines. Inasmuch as the survey was admitted only to show the extent of plaintiff's possession, the formalities required by these Articles are not applicable to the instant case. Additionally, we feel, as did the trial judge, that defendants have waived their right to object to the admissibility of the survey because of lack of representative attendance at the trial held on July 19, 1977.[2]

2.
We find that the plat of survey fulfills the requirements on remand.[3] The plat discloses that Section 20, Township 11 North, Range 8 West, Natchitoches Parish, is in fact an irregularly shaped section. The survey commences at an established point, and does, in fact, show the line dividing Sections 20 and 64. The testimony in the original trial was to the effect that the only possession exercised by plaintiff was the cutting and collection of timber on the property, and that it extended to the Section line. We conclude, therefore, that the plat of survey adequately locates the property which plaintiff possessed.

3.
The temporary restraining order was obtained on August 16, 1977. The rule on the motion to dissolve the order was made returnable on September 6, 1977. It expired by its own terms and under the law before the hearing. At the hearing, counsel for the Yount defendants offered into evidence the motion which granted the temporary restraining order. No other evidence of any kind was offered or taken. The trial judge denied attorney's fees. Under the circumstances he did not abuse his discretion. Louisiana Code of Civil Procedure Article 3608; Robinson v. Jackson, 255 So.2d 846 (La.App. 2nd Cir. 1971); Simms v. Liuzza, 168 La. 714, 123 So. 301 (1929).
For the above and foregoing reasons, the judgment of the District Court is affirmed, at defendants-appellants' costs.[4]
AFFIRMED.
NOTES
[1] Generally, these Articles set out requirements for surveying in boundary actions, i. e., the work is to be done by a land surveyor or a civil engineer licensed in this state, with provisions for a proces verbal; detailed notification is to be given to interested landowners and copies of the work is to be given to interested parties; title papers are to be demanded from the owners, and in case of refusal, the same is to be mentioned in the proces verbal; and notice is to be given by a landowner to adjoining neighbors in order to fix property limits.
[2] In this respect, we find that the rationale of the Court in the decision of Roberts Lumber Co. v. Morgan, 136 La. 829, 67 So. 921 (1915) is persuasive here.
[3] See our original opinion at 344 So.2d 1114 for a more detailed analysis of the problem.
[4] In the original appeal, defendants alleged error on the part of the trial judge as to his findings of fact and his application of the law. As aforementioned, these issues were not reached in view of the remand. On this second appeal, those issues are not specifically raised. Nevertheless we have carefully reviewed the record of the original trial and conclude that there was ample evidence to justify the trial court's conclusion that plaintiff was entitled to the legal possession of the property in dispute.