CULPEPPER, Judge.
This case is part of a continuing dispute between plaintiff and defendant as to possession and ownership of a strip of timber land. We have rendered decisions in two previous related appeals. In Copellar v. Yount, 344 So.2d 1114 (La.App. 3rd Cir. 1977), Mr. Copellar filed a possessory action alleging possession for more than one year of land described as 40 acres being the NE/4 of the SE/4, Section 20, TUN, R8W, Natchitoches Parish. Copellar alleged further that Yount had disturbed his possession by constructing a fence on the 40 acres. The district court rendered judgment recognizing Copellar’s possession of the entire 40 acres. On appeal, we found that, although there was no survey in the record, the evidence clearly indicated that Section 20 is not a regular section, and that Copellar could not be in possession of the 40 acres as described in the judgment. We remanded the case to the district court for a new trial on all issues and particularly for a survey and a proper description of the property in dispute.
After the case was remanded, the district court ordered a survey which shows the said Section 20 is indeed irregular and that it is bound on the southwest by irregular Section 64, with the result that approximately nine acres of what would be the regular NE/4 of the SE/4 of Section 20, is located in Section 64. The defendant Yount filed an exception of acquisitive prescription of 30 years, based on his alleged possession for *727 more than 30 years beyond his title, i. e., the boundary line between Sections 20 and 64, to a fence. After a trial on both Copellar’s possessory action and Yount’s exception of acquisitive prescription, the district court overruled Yount’s exception and rendered judgment recognizing Copellar’s right to possession of the NE/4 of the SE/4 of said Section 20, as shown by said plat of survey. Yount appealed, and we affirmed the district court judgment, Copellar v. Yount, 361 So.2d 971 (3rd Cir. 1978). On October 10, 1978, our Supreme Court denied Yount’s application for writs, 363 So.2d 534, and that judgment is now final.
On October 27, 1978, Yount filed the present action against Copellar by a petition entitled “Petition for Declaratory Judgment”. Yount alleges that he is the owner of a triangular shaped tract of land containing approximately nine acres in Section 64, TUN, R8W, and being bound on the north and northwest by the NE/4 of the SE/4 of Section 20, TUN, R8W owned by the defendant Copellar. Yount alleges further that an old fence, the remnants of which are still in place, has existed for more than 40 years and has been recognized by Yount and Copellar and their ancestors in title as the boundary between their respective properties. Furthermore, Yount alleges that Copellar has questioned the fence as being the true boundary, and that Copellar claims that his ownership extends south and east of the fence, thus causing a dispute as to the true boundary. Yount expressly pleads the acquisitive prescription of 30 years under LSA-C.C. Article 852 by possession for over 30 years to a visible boundary beyond his title. Yount’s petition prays for judgment decreeing the fence to be the true boundary.
Copellar filed an exception of res judicata under LSA-C.C. Article 2286 alleging that in the previous suit by Copellar against Yount, as described above, the thing demanded was the same, the demand was founded on the same cause of action, the demand was between the same parties and was formed by them in the same quality. In particular, Copellar alleges that the question of possession of the property was decided in the prior suit and it was determined that the fence in question was not the dividing line between the respective properties. From a judgment sustaining the exception of res judicata and dismissing his suit, Yount has now appealed.
On appeal, Yount contends the trial court erred in sustaining the exception of res judicata because the thing demanded and the cause of action in the first suit are not the same as in the present suit. We agree.
The prior suit by Copellar against Yount was a possessory action. Essentially, Copel-lar contended that he had been in possession for over a year of the property in Section 20, as shown by the survey, and that his possession had been disturbed by Yount’s erection of a fence north of that section line. The thing demanded by Copellar was recognition of his right to possession of the property in Section 20 located north of the section line. Judgment was finally rendered recognizing Copellar’s right to this possession. In the present suit, unlike the prior suit, the thing being demanded by Yount is recognition of his ownership by the acquisitive prescription of SO years under LSA-C.C. Article 852 of the strip of land between the alleged fence and the section line. Thus, the thing demanded, i. e., the issue adjudicated, in the two suits is not the same. In the first suit, the court adjudicated Copellar’s right to possession. In the present suit, the court is asked to adjudicate Yount’s claim to ownership. See 34 L.L.R. 774-778 for a discussion of res judicata.
The best argument which can be made that the thing demanded in the two suits is the same arises out of the exception of acquisitive prescription of 30 years filed by Yount in the prior possessory action by Co-pellar. In that exception, Yount alleged that the fence had existed as the boundary for more than 30 years, and Yount pleaded this exception as a bar to Copellar’s posses-sory action. However, Yount did not in the prior suit seek an adjudication of his ownership of any portion of the property. Although our Supreme Court, in Montgomery v. Breaux, 297 So.2d 185 (La.1974), held that the defendant in a possessory action may file an exception of acquisitive prescription as a bar to the possessory action, the court recognized that without a recon- *728 ventional demand or other procedure claiming ownership by the exceptor, the court cannot declare the exceptor owner by acquisitive prescription, even if he proves the requirements of acquisitive prescription.[1] Thus, even though Yount filed an exception of acquisitive prescription of 30 years in the prior possessory action, no judgment could have been rendered in that suit recognizing Yount as owner, and there was therefore no adjudication of Yount’s ownership. In the present suit, Yount demands to be recognized as owner and, if he proves the requirements of acquisitive prescription, judgment could be rendered recognizing his ownership.
For the reasons assigned, the judgment appealed is reversed and set aside. The defendant Copellar’s exception of res judi-cata is overruled. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against the defendant Copellar. Assessment of costs in the district court must await a final judgment there. •
REVERSED AND REMANDED.

. The author of the present opinion has previously expressed disagreement with the Supreme Court’s holding in Montgomery v. Breaux which permits the filing of an exception of acquisitive prescription in the real actions, and he notes that the present case is yet another example of the confusion and unnecessary expense and delay which result from permitting such an exception. See concurring opinion in Suire v. Primeaux, 363 So.2d 963 (La.App. 3rd Cir. 1978).