COLE, Judge.
The issue in this possessory action is whether or not either party is entitled to damages. Because we find no manifest error in the trial court’s denial of damages, we affirm.
The facts of the case reveal a mutuality of errors by the parties. Dan Klein leased approximately 300 acres of land in East Baton Rouge Parish from Josef Sternberg, president of the plaintiff corporation. The lease began in 1963 and was maintained, either verbally or in writing, until the spring of 1978. In 1969 defendant Dan Klein purchased a one acre tract, described as lot # 1, Rolling Acres subdivision, which was adjacent to the southeastern comer of plaintiff’s property. Defendant used this land to stable his horses and lived on plaintiff’s adjacent property.
When the lease ended in 1978 Dan Klein vacated most of the 300 acre tract but through his son Errol (referred to as “Earl” throughout the record) continued to possess a fenced area in the southeastern corner. The area contained stables and a mobile home. Plaintiff was unaware Klein had purchased the one acre tract and assumed that the entire area occupied by Klein belonged to Starmount. Klein ignored plaintiff’s request to vacate and an eviction suit was instituted but was later dismissed. Starmount then filed a possessory action and in the course of the litigation it was revealed that Klein was the record owner of a one acre tract but had in fact constructed the fence so that he was physically possessing about two acres of Starmount’s land beyond his property line. The parties agreed to a survey, the boundary matter *399 was amicably settled and a new fence was constructed along the property line.
Rather than dismissing the possessory action, Starmount opted to continue the litigation in order to obtain a judgment establishing its rights to the disputed land. The Kleins filed a reconventional demand seeking damages for mental anguish. Judgment was rendered in Starmount’s favor and both parties were denied damages. Neither party appeals the judgment as regarding the ownership or possession of the land. Both parties have appealed on the question of damages only.
Starmount argues it is entitled to a total of $1,465.00 in damages for lost rent, expenses in clearing the abandoned property and the cost of the survey. La.Code Civ.P. art. 3662 allows a successful plaintiff in a possessory action to be awarded damages. The trial court denied the award, noting at least part of Starmount’s claim (for the one acre lot owned by Klein) was unjustified and could have been avoided by an examination of the public records.
We find no merit in Starmount’s argument that they are not affected by the public records doctrine. They argue that the public recordation of Klein’s ownership of lot # 1, Rolling Acres, affects only those third persons who are dealing with that particular lot. Starmount claims they were not asserting rights to lot # 1, Rolling Acres but only to the land owned by Star-mount, therefore they are not charged with the knowledge of Klein’s ownership of lot # 1. This argument misrepresents the facts. It is true that the legal description of the property claimed in the possessory action refers only to that property owned by Starmount. Nonetheless, there is evidence in the record showing Starmount was claiming the land owned by Klein. Offered as an exhibit was a letter written by Star-mount to Klein, asserting that Starmount owned the land on which the stables were located. The record shows the stables were located on lot # 1, Rolling Acres. Testimony at trial confirmed that when the suit was initiated Starmount believed the entire tract possessed by Klein was owned by Starmount. Therefore, Starmount was in fact asserting rights to lot # 1, Rolling Acres. An examination of the public records would have revealed to Starmount that the “stable area” was indeed owned by Klein. They would then have proceeded with their possessory action, but with the specific purpose of claiming the right to possess the portion of the tract that rightfully belonged to Starmount, rather than the entire tract.
We find the trial court’s denial of damages to be justified. Any damages suffered by Starmount are not so much the result of Klein’s wrongful possession as the result of Starmount’s lack of knowledge as to the location of the boundary. An examination of the public records would have revealed Starmount was mistaken as to its belief concerning the extent of Klein’s wrongful possession and the matter could likely have been remedied without taking legal action.
Defendants argue they are entitled to damages for mental anguish, humiliation, embarrassment and for attorney’s fees. It is now well settled that attorney’s fees are allowed only when provided by contract or law. Simmons v. Hernandez, 287 So.2d 637 (La.App. 3d Cir. 1973), writ denied 1974. Hutchinson v. A. L. Bufkin Corporation, 265 So.2d 635 (La.App. 2d Cir. 1972). Defendants argue attorney’s fees are included in “damages” under La.Code Civ.P. art. 3662. We disagree. Attorney’s fees were correctly denied.
As regards the claim for damages for mental anguish and embarrassment we find the trial court was correct in denying an award. The Kleins can hardly claim to have been humiliated by the suit for eviction or the possessory action when in fact they were possessing approximately two acres of land belonging to Starmount. It is true that they rightfully possessed one acre of the land and may have suffered some anxiety when they believed the suit was an attempt to remove them from the entire premises. Nonetheless, the majority of the land was being wrongfully possessed and *400 we agree with the trial court it would be inequitable to allow damages in this situation.
In conclusion, neither party is entitled to damages because both parties were mistaken as to the extent of their properties. Starmount was overreaching in its attempt to regain possession of the entire tract, and the Kleins were overreaching in possessing two acres beyond their boundary. Both parties were at fault; neither party is entitled to damages.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs on appeal are to be paid one-half by plaintiff and one-half by defendants.
AFFIRMED.