STOKER, Judge.
The present case was consolidated at trial and on appeal with Louise Bell Firmin, et al. v. Penn Properties, Inc., et al, our docket No. 82-823-A, 432 So.2d 1113 (La.App. 3rd Cir.1983), in which we render a separate opinion this date. For reasons set out below, we reverse and remand the cases to the trial court for further proceedings.
Odyle G. Bordelon, Marcus A. Bordelon, Elaine Bordelon Roy, and Terry Stephen Bordelon, hereinafter referred, to as the Bordelon heirs, brought this petitory action seeking to be declared owners in indivisión of the following tracts of land:
(1) A certain tract or parcel of land containing 3.81 acres, more or less, situated in Section 28, T1N-R4E, bounded, now or formerly, on the North and *1112 East by lands owned by Louis Firmin; South by land owned by Mrs. Thelis Lemoine; and West by Bayou des Laurier.
(2) A certain tract or parcel of land containing 1.25 acres, more or less, also situated in Section 28, T1N-R4E, bounded, now or formerly, on the North by lands owned by Mrs. Thelis Lemoine; East by land owned by Marius Chatelain; South by land owned by the Estate of Alphonso. Guillot; and West by land owned by A.Z. Chatelain.
The Bordelon heirs abandon their claim to the 1.25-acre tract and admit that the other tract contains 3.81 arpents rather than 3.81 acres.
In the consolidated case Louise Firmin Traut individually and as attorney-in-fact for her mother, Louise Bell Firmin, seeks to have them declared owners in indivisión of two contiguous tracts of land described as follows:
1. A certain tract or parcel of land containing 14V3 arpents, being part of the home place which was bounded then on the North by lot of A.Z. Chatelain (a portion which he reserved for himself), South by V.E. Lacour, East by Mrs. Marcellus Lemoine, and West by property of your mother and lot of Mrs. V.E. Lacour.
2. Three and a fraction acres of land, bounded North by A.Z. Chatelain, South by lot of Mrs. V.E. Lacour, East by the above lot, and West by Bayou Des Laurier.
The second tract referring to “three and a fraction acres" was originally described as 3.81 acres. Another daughter, Mary Louise Firmin McQueen, is also a co-owner of the property but is not a party to the suit.
FACTS
Defendant Penn Properties, Inc. and its owner, Raymond C. Penn, acquired what purported to be thirty-four acres. However, a survey conducted at Penn’s request to show the land acquired indicates that Penn acquired 83.66 acres. This 83.66 acres almost completely surrounds the Firmin property which is shown to be 9.72 acres on the survey. The Bordelon- property is not shown on the survey at all, that is, the plat of survey does not indicate any boundaries for or locate the Bordelon property.
When converted into acres, the Firmin property should contain 15.93 acres rather than the 9.72 indicated on the Penn survey. The Firmin heirs claim that the missing 6.21 acres is contained in the land possessed by Penn pursuant to the survey and is partially east and partially west of the Fir-min property as designated on the survey plat.
The Bordelon heirs claim that their 3.81 arpents are contained within the land possessed by Penn pursuant to the survey. According to the description, it is directly south of the Firmin property.
TRIAL COURT JUDGMENT
The trial court rendered judgment for both groups of plaintiffs, declaring them to be owners of the described property. Two bases for the judgments were given: (1) plaintiffs traced their titles to a common author and defendant failed to prove its title from the common author, and (2) plaintiffs acquired their properties by the acquisitive prescription of thirty years.
REMAND FOR NEW TRIAL
Penn appeals raising several issues of fact and law. We do not reach these issues because we find a remand is necessary for the reasons set out below.
The properties claimed by plaintiffs are described only by adjoining landowners. No survey was done to definitively locate either of the properties nor could any of the witnesses point out clearly identifiable boundaries. The only indications given of the location of the properties are shaded-in areas on the Penn survey apparently drawn in by the respective attorneys. These rough drawings are not done to scale.
LSA-C.C.P. article 2089 provides:
*1113 “All judgments and decrees which affect title to immovable property shall describe with particularity the immovable property affected.”
Although the properties in dispute here are described in commonly accepted modes, they in fact have not been located with any certainty. At the end of the trial on the merits the trial judge pointed out that no boundaries had been established.
We cannot affirm the trial court’s judgments because we cannot tell from the record whether or not the trial court was correct in its conclusions. Evidently the trial court itself considered the boundaries of the various tracts as vague and unlocated. Under these circumstances we cannot agree with the trial court’s finding that the plaintiffs have carried their burden of proof. We cannot determine from the record just how the parties trace their titles, that is, whether they did or did not trace their titles to a common author. Likewise, we cannot say that the plaintiffs proved acquisition of their properties by acquisitive prescription of thirty years. No conclusions can be made concerning common authorship of title or acquisitive prescription. This is because the various tracts simply cannot be located.
In our opinion these cases must be considered with the aid of surveys keyed into identifiable landmarks, established survey corners or physical land features (such as water courses). We do not suggest that surveys and plats of survey must be produced in all controversies concerning land. However, in cases such as these in which property locations and boundaries cannot be established visually and tied into known boundaries, surveys and plats are necessary. In the present cases the trial court’s judgments confirm the plaintiffs in the ownership of property which neither the plaintiffs nor anyone else can locate.
The circumstances of these cases appear to be almost identical to those in Copellar v. Yount, 344 So.2d 1114 (La.App. 3rd Cir. 1977). In Copellar this Court felt that the case should be remanded to the trial court for the taking of additional evidence such as land surveys showing landmarks, monuments, measurements and other physical data in order to establish a more adequate property description. That result is also dictated in these consolidated cases.
For the reasons assigned, the judgment appealed is reversed and set aside. This ease is remanded to the district court for a new trial on all issues and for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed equally against the two groups of plaintiffs in the consolidated cases. Assessment of the district court costs must await a final determination.
REVERSED AND REMANDED.