GUIDRY, Judge.
This is the fourth time these parties have been before us asserting their respective rights to the same property in Natchitoches Parish. On the first occasion we remanded the possessory action for a new trial on all issues and for a survey and a proper description of the property in dispute. On the second occasion, we affirmed the judgment rendered after a trial on the merits, recognizing plaintiff as the possessor of the land in dispute, and as such entitled to continue in possession of the land. See Copellar v. Yount, 344 So.2d 1114 (La. App. 3rd Cir.1977), and 361 So.2d 971 (La. App. 3rd Cir.1978), writ refused, 363 So.2d 534 (La.1978). Also, in Yount v. Copellar, 374 So.2d 726 (La.App. 3rd Cir.1979), a declaratory judgment action which involved the same land, we reversed the decision of the lower court which sustained an exception of res judicata filed by Copellar, because the thing demanded in the prior suit (possession) was not the same as that demanded in the latter suit (ownership by the acquisitive prescription of 30 years under La.C.C. art. 852). The record does not reflect whether the latter suit was continued following remand and, if so, the ultimate disposition thereof. In any event, Yount did not timely file a petitory action following finality of the judgment in the first possessory action and he is, by the terms of that judgment, forever barred from asserting title to the property involved in that suit.
The present appeal is from another judgment adverse to the defendant, Yount, in a second possessory action filed by Copellar on October 30, 1984, alleging a disturbance by defendant of Copellar’s possession of the same land, through erection of a fence on the property. Again, the district court recognized plaintiffs right to possession of the land and maintained same, ordering removal of the fence and awarding an attorney’s fee to plaintiff.
The defendant assigns as errors on this appeal that the trial judge erred in concluding that the plaintiff was in possession of the property when the fence was erected; that such disturbance took place within one year before this suit was filed; and, in awarding plaintiff an attorney’s fee.
The first two errors complained of involve factual matters determined by the district judge who saw and heard the witnesses and viewed the physical evidence. Of course, his factual findings in these respects must not be reversed on appeal unless manifestly in error or clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We find no such error and therefore affirm the trial court’s conclusions.
We do conclude, however, that the trial court erred in awarding plaintiff judgment for an attorney’s fee. Attorney’s fees are not the type of damages provided for by La.C.C.P. art. 3662(3). Starmount No. 1 v. Klein, 396 So.2d 397 (La.App. 1st Cir.1981); Roge v. Kuhlman, 136 So.2d 819 (La.App. 3rd Cir.1962).
For the foregoing reasons, the judgment of the district court is reversed insofar as it awarded $500.00 to plaintiff as an attorney’s fee. In all other respects, the judgment of the trial court is affirmed at appellant’s cost.
Annexed hereto as an appendix is a copy of the trial judge’s reasons for judgment, which we approve except for the award of attorney’s fees.
*953 REVERSED IN PART AND AFFIRMED IN PART.
APPENDIX
OPINION
This is a possessory action brought by James T. Copellar, Jr., as plaintiff, against Robert G. Yount, as defendant. The parties to the instant action have previously litigated the question of possession of the area now in question. In the prior suit plaintiff was successful in a possessory action he had brought against defendant over the area involved. The judgment in the prior suit ordered defendant to assert title to the area within a limited time or he would be barred from filing a petitory action. No such suit was filed by defendant.
The defense made by defendant was simply he had constructed a fence enclosing the area and that this was more than one year before plaintiffs possessory action was filed. Defendant testified that he had put up posts in 1981 and placed two strands of barbed wire on the posts and then completed the fence in 1984. He was supported in this by his relatives.
Plaintiff testified that the first action noted by him was made in February or March 1984, less than one year prior to his filing suit. That the posts and wire attached, were not there when plaintiff and defendant discussed the possibility of defendant purchasing the area in September, 1983. Plaintiff was likewise supported in the testimony of two persons who lived in the area and his mother.
This court concludes that the fence was built sometime in February or March, 1984. The pictures taken show clearly that the strands of wire were taken from a roll that had not been long exposed to natural elements. The metal is shiny and bright.
The actions by defendant were in wilful disregard of the property rights of plaintiff.
Plaintiff possessory action is hereby sustained and the defendant is ordered to remove the fence constructed by him within 10 days. Should defendant fail to remove said fence in the time stated, the plaintiff may remove same and is hereby granted the sum of Five Hundred ($500.00) dollars as damages and costs to remove same. The defendant must file a sworn affidavit of the removal of the fence otherwise the amount of damages fixed will be final.
This court grants plaintiff judgment against defendant for the sum of Five Hundred ($500.00) dollars as attorney’s fees.
All costs are assessed against defendant.
Let a judgment in accord with this opinion be presented for signing by this Court.
DONE AND RENDERED at Natchitoch-es, Louisiana on this, the 25th day of February, 1985.
/s/Richard B. Williams RICHARD B. WILLIAMS JUDGE PRO-TEM