h STEWART, Judge.
Donald Deese, (“Deese”) defendant in this possessory action, appeals a trial court judgment on remand in favor of the plaintiffs, *621 Mary Alice Hammons Gandy, Ronald Le-Gene Hammons, Margaret Hammons Cob-lentz, and Wilfred Coblentz (“Hammons”). The trial court judgment recognized the Hammons’ right to possession of certain immovable property. For the following reasons, we affirm.

FACTS and PROCEDURAL HISTORY

In December of 1992, the Hammons instituted a possessory action, alleging that they had possessed immovable property in Jackson Parish since 1961. Deese possessed adjacent property and constructed a fence between the tracts in 1957. Considering the fence the visible boundary of possession, the Hammons possessed up to the fence by growing and cutting timber, cutting firewood, and repairing the fence.
Prior to May of 1992, Deese failed to conduct any act of possession beyond the fence. In May and November of 1992, Deese damaged the Hammons’ property by cutting a survey line and cutting certain trees. In addition, Deese placed survey stakes and flags on the Hammons’ property. Deese informed the Hammons that he intended to move the fence to the survey line. The Hammons rejected Deese’s request for assistance in constructing the new fence.
The Hammons alleged that they had peacefully possessed this property without disturbance for more than a year before Deese disturbed their peaceful possession. They filed suit to maintain possession up to the fence between the two properties.
Deese contended that before he built the fence, he and the prior owner agreed they did not know the exact location of the property line. The prior owner did not want to incur the expense of a survey. According to Deese, they “guessed” at the line, and he put up a fence four or five feet on his side of where they ^estimated that the boundary line was located. Deese testified that he and the prior owner had an understanding that if in the future the property was surveyed, the fence would be moved to the survey line.
Following a bench trial in September of 1993, the trial court rendered a judgment dismissing the Hammons’ demands. In written reasons for judgment, the trial court concluded that without an accurate plat of survey, a definitive ruling was unavailable.
The Hammons sought an appeal. In an unpublished opinion, this court found sufficient acts of corporeal possession, and that the Hammons had sufficiently identified the property for the purposes of possession. Accordingly, we concluded that the trial court erred in dismissing the possessory action. Therefore, we reversed and remanded for further proceedings.
On remand, the trial court rendered a judgment recognizing the Hammons’ right to possession of all immovable property up to the existing fence that separates their immovable property from Deese’s immovable property. The judgment also referenced a description of the immovable property found in the Hammons’ deed. Finally, the judgment ordered Deese to bring a petitory action to assert any claims of ownership within 60 days.
After the trial court rendered its judgment, Deese filed a motion for new trial to determine the meaning of this court’s previous decision. At a hearing on the motion, Deese argued the necessity of additional evidence for an accurate description of the property in dispute. The trial court disagreed and denied the motion for new trial. This appeal followed.

DISCUSSION

Deese asserts two assignments of error for this court’s consideration. First, he contends that the trial court erred in not following the dictates of this court’s | ¡¡remand instructions. Second, he argues that the trial court erred in the manner and form of the judgment rendered in that there is no legal description detailing the location of the property.
In support of these arguments, Deese refers to La.C.C.P. art. 2089, which provides that “[a]H judgments and decrees which affect title to immovable property shall describe with particularity the immovable property affected.” This article serves to assure that the general public, title examiners, successful litigants, officials charged with execu *622 tions of judgments and surveyors in particular, can accurately deal with the immovable property. Deano v. Brouillette, 94-1856 (La. App. 4th Cir. 11/16/95), 664 So.2d 1283.
Deese cites two decisions from our sister circuits addressing the requirements of immovable property descriptions under La. C.C.P. art. 2089. In Copellar v. Yount, 344 So.2d 1114 (La.App. 3d Cir.1977), the defendants in a possessory action appealed a judgment granting the plaintiff possession of land “ ‘described as the Northeast Quarter (NEJ/i) of the Southeast Quarter (SE%) of Section 20, Township 11 North, Range 8 West, Natchi-toches Parish, Louisiana containing 40 acres more or less.’” Id. at 1114. The dispute arose when the defendants in Copellar constructed a fence across property the plaintiff claimed to have possessed without interruption for one year.
Citing La.C.C.P. art. 2089, the third circuit reversed and remanded for a new trial for the purpose of receiving additional evidence such as surveys and plats in order for the trial court to present a more adequate property description. However, the Copellar opinion also stated that the description did not have to be framed by locating section lines. Instead, the court required the disputed tract to “be described with references to landmarks such as roads, benchmarks, or other locatable monuments or a survey commencing at some established point.” Id. at |⅜1116. In the instant case, we have concluded that such a landmark exists — the fence.
In Deano v. Brouilette, supra, the fourth circuit was presented with an appeal regarding a dispute between adjoining landowners over the boundary between their properties. The appellate court agreed with the trial court’s judgment in favor of the plaintiffs. However, there was no legal description in the judgment setting forth the boundaries as determined by the court. Thereby the court stated that the trial court erred in the manner and form of the judgment rendered. However, the Deano opinion did not include the text of the trial court judgment. Thus, because we are unable to determine how the judgment was deficient, we are not persuaded by this decision. Further, the judgment in the instant matter does contain a description of the property in dispute.
In our previous opinion, we addressed the trial judge’s citation of the lack of an accurate plat of survey as the reason for dismissing the Hammons’ action. We disagreed with this finding, and provided that while the plaintiff in a possessory action must fully identify the property possessed, there was no requirement to introduce a survey of plat.
We determined that the Hammons had not shown via their chains of title that the property in dispute, the piece of land between the survey line and the fence, lies within their title. Accordingly, we concluded that the Hammons could not maintain possession by constructive possession by virtue of title.
Next we discussed the tenet of corporeal possession of the property. We found that the Hammons’ on-going acts — of timber cutting, firewood cutting, and fence maintenance were sufficient to establish corporeal possession. Further, we concluded that the fence was a visible boundary for the purposes of identifying the property that the Hammons had corporeally possessed.
15Having reviewed our previous opinion and the arguments of Deese, we find no error in the judgment rendered by the trial court on remand. The judgment in this pos-sessory action recognizes the Hammons’ right to possession of the immovable property up to the fence separating the two properties. This provision is consistent with our prior finding that the Hammons had performed sufficient acts of corporeal possession of the property up to the fence, and had sufficiently identified the property by recognizing the fence as a visible boundary for purposes of possession. The judgment further references this property by including a description of the property which the Ham-mons also possess via title. Therefore, we conclude that the trial court did not abuse its discretion in choosing not to hold a hearing or argument Accordingly, from the language of the judgment, we conclude that the immovable property in question is described with sufficient particularity.

*623
CONCLUSION

For these reasons, we affirm the trial court’s judgment. Costs of the appeal are assessed against the appellant, Donald H. Deese.
AFFIRMED.