850 So.2d 1106 (2003)
Tommy G. MARTIN and Brenda R. Wilson Martin, Plaintiff-Appellee,
v.
John W. BRISTER, Jr., Defendant-Appellant.
No. 37,011-CA.
Court of Appeal of Louisiana, Second Circuit.
July 23, 2003.
*1108 Charles W. Seaman, Natchitoches, for Appellant.
Bobby L. Culpepper, Jonesboro, for Appellee.
Before WILLIAMS, PEATROSS and MOORE, JJ.
WILLIAMS, Judge.
The defendant, John Brister, Jr., appeals a judgment in favor of the plaintiffs, Tommy Martin and Brenda Martin. The trial court found that pursuant to a verbal contract of sale, the plaintiffs had paid $6,000 to purchase a strip of land measuring 40 feet by 200 feet. The court adjudicated title to the property to the plaintiffs, awarded defendant $850 owed by plaintiffs and dismissed all other claims. For the following reasons, we affirm.

FACTS
On January 3, 1997, John Brister, Jr., conveyed to Tommy Martin and his wife, Brenda Martin, a two-acre tract of land, which measured 208.71 feet by 417.40 feet, located along Highway 167 in Winn Parish, Louisiana. The parties executed a "Credit Sale" instrument and deed for the consideration of $75,600 and the seller acknowledged receipt of a $5,600 down payment with a promissory note and mortgage for the balance of $70,000. At the time, the parties did not realize that the property *1109 was incorrectly described in the credit sale instrument.
Shortly after the sale, the Martins approached Brister about purchasing an additional 40-foot strip of land adjacent to the tract previously conveyed for use as a driveway. According to the Martins, Brister agreed to sell the strip for $6,000 and to sign a deed correcting the original property description and including the additional 40 feet. Although Brister does not dispute that he agreed to sell an additional 40 feet to the Martins, he denies that there was consent as to the purchase price. There was no written agreement regarding the sale of the 40-foot strip of land.
Subsequently, the Martins borrowed funds from T.J. Kervin to pay the balance owed to Brister. On February 6, 1997, they gave Kervin a mortgage on the land bought from Brister as security for the loan. Kervin then delivered a check for the necessary funds to the Daniel Frazier Trust Account. The following day, the Frazier Trust issued a check to Brister in the amount of $76,466.67 as full payment of the Martins' promissory note. According to the Martins, the amount of the check included $70,000 for the balance due on the note, $6,000 for the additional 40-foot lot and $466.67 for one month's interest. Brister accepted the payment, but did not deliver the cancelled promissory note and mortgage to the Martins.
Approximately one year later, in February 1998, the Martins' attorney prepared a "Correction Credit Deed" to correct and amend the original property description and to include the additional 40-foot strip of land. Brister refused to sign this correction deed and sent the Martins' attorney an alternative revised deed, which corrected the original instrument, but did not add the 40-foot lot to the property description.
Subsequently, the plaintiffs, Tommy and Brenda Martin, filed a petition for damages against the defendant, John Brister, Jr., for his failure to execute an act of correction of the credit deed and to cancel the note and mortgage. The plaintiffs requested that the credit deed property description be corrected and amended and that defendant be ordered to convey to them the 40-foot strip of land adjacent to the property originally described. The defendant filed an answer and reconventional demand seeking damages for lost video poker revenue, property damage and payment for a motor boat.
At trial, the parties gave conflicting testimony regarding the circumstances of their transaction. The plaintiffs introduced into evidence the credit sale deed, the checks paid to defendant and the correspondence sent to him by their attorney. In its reasons for judgment, the trial court found that the parties had formed a verbal contract for the sale of the strip of land measuring 40 feet by 200 feet adjacent to the property originally conveyed for the price of $6,000 and that possession of the lot had been transferred to plaintiffs for the construction of a driveway. The court rendered judgment adjudicating title to the 40-foot strip of land to plaintiffs, awarding defendant $850 for the value of a motor boat and dismissing all other claims. The defendant appeals the judgment.

DISCUSSION
The defendant contends the trial court erred in finding that there was an enforceable verbal contract between the parties. Defendant argues that the evidence failed to establish a sale because the parties did not agree on the thing to be sold or the price.
Generally, a transfer of immovable property must be made by authentic act or by act under private signature.
*1110 Nevertheless, an oral transfer is valid between the parties when the property has been actually delivered and the transferor recognizes the transfer when interrogated under oath. LSA-C.C. art. 1839. The term actual delivery means that the immovable which is the object of the verbal sale has in fact been transferred or placed into the possession of the buyer. A determination of whether actual delivery of an immovable has been made depends on the circumstances of each individual case. Duhon v. Dugas, 407 So.2d 1334 (La.App. 3rd Cir.1981). A sale is a contract whereby a person transfers ownership of a thing to another for a price in money. The thing, the price and the consent of the parties are requirements for the perfection of a sale. LSA-C.C. art. 2439.
A court of appeal should not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State DOTD, 617 So.2d 880 (La.1993). The task of a reviewing court is to assess whether the fact finder's resolution of conflicting evidence was reasonable in light of the record as a whole. Fowler v. Wal-Mart Stores, Inc., 30,843 (La.App.2d Cir.8/19/98), 716 So.2d 511.
In the present case, defendant argues in his brief that the parties did not agree on the thing to be transferred because he agreed to sell a 40-foot lot, but the plaintiffs' petition and their attorney's correspondence refer to a 48-foot strip of land. However, at trial the plaintiffs and defendant all testified that they had discussed the sale of a strip of land measuring 40 feet by 200 feet adjacent to the tract previously conveyed. Thus, the testimony demonstrated that the parties had agreed on the thing which was the object of the sale.
The defendant also contends that the parties did not agree on the sale price of the 40-foot strip of land. The evidence shows that the January 1997 promissory note stated a balance due of $70,000 and that in February 1997, defendant appeared at the office of Daniel Frazier to collect a check in the amount of $76,466.67 as payment of the note. The plaintiffs testified that the amount of $6,466.67 above the balance owed reflected the $6,000 price of the 40-foot lot and one month's interest. Defendant testified that this amount represented a pre-payment penalty. However, the promissory note did not provide for the assessment of such a penalty. Additionally, in May 1997, the Louisiana Department of Transportation and Development issued a permit for construction of a driveway to Tommy Martin as owner of the land and defendant signed a statement that he did not object to extending the driveway. Defendant's acceptance of the $6,000 payment in excess of the amount due under the 1997 note and his acquiescence in plaintiffs' exercise of ownership over the 40-foot strip of land at issue support a finding that the parties had agreed to the price for the thing sold. Thus, defendant's arguments are not supported by the record.
At trial, the defendant testified as follows:
It is on the side of the forty feet. But, his forty feet is (sic) built up. You see I sold Tommy forty feet. I said, yeah, Tommy I will sell you the forty feet. There is no question about that in my mind. I sold him forty feet. He just never did pay me for it. That is the reason we are here today.
The above quoted testimony shows that defendant acknowledged under oath that he had made a verbal sale of the 40-foot strip of land to the plaintiffs. Witness testimony that the plaintiffs had built a driveway across the 40-foot lot supports the trial court's determination that the *1111 property was placed into the possession of the plaintiffs. Based upon the evidence presented, we conclude that the requirements of Article 1839 were satisfied by the actual delivery of the property to the plaintiffs and the defendant's recognition of the transfer under oath. Consequently, we cannot say the trial court was clearly wrong in finding that the verbal sale of the 40-foot lot was valid. The assignment of error lacks merit.
Reasons for Judgment
The defendant contends the trial court erred in stating that plaintiffs were not seeking a correction deed, but reformation of a contract. An appeal is the exercise of a party's right to have a judgment of a trial court reviewed by an appellate court. LSA-C.C.P. art.2082. An appeal lies from the judgment itself, not from the reasons for judgment. Wilson v. Wilson, 30,445 (La.App.2d Cir.4/9/98), 714 So.2d 35.
Here, defendant has assigned as error a statement which is not part of the signed judgment, but is contained in the court's written reasons for judgment. Consequently, the trial court's characterization of the plaintiffs' action is not an issue on appeal. We would note that the plaintiffs sought a court ordered correction and amendment of the property description in the parties' original written instrument to reflect the subsequent purchase of the 40-foot lot. Thus, the court's statement that plaintiffs sought reformation of a contract appears accurate. The assignment of error is without merit.
Judgment
The defendant contends the trial court erred in rendering judgment adjudicating title of the disputed property to the plaintiffs. All judgments and decrees which affect title to immovable property shall describe with particularity the immovable property affected. LSA-C.C.P. art.2089. The tract of land affected should be described with reference to landmarks such as roads, benchmarks, or other monuments which can be located or a survey commencing at some established point. Gandy v. Deese, 29,032 (La.App.2d Cir.1/22/97), 688 So.2d 620; Copellar v. Yount, 344 So.2d 1114 (La.App. 3rd Cir. 1977).
In the present case, the judgment recognizing plaintiffs as the owners of the disputed tract includes a description of the immovable property with reference to a U.S. highway right-of-way as a landmark. Consequently, we conclude that the judgment describes with adequate particularity the affected immovable property. The assignment of error lacks merit.
Reconventional Demand
The defendant contends the trial court erred in dismissing his claim for the cost of buying and spreading dirt to raise the elevation of his lot. Defendant argues that he suffered property damage due to runoff resulting from plaintiffs' act of increasing the elevation of their lot.
A landowner is responsible for discharges that deprive his neighbor of the right to enjoy his property. LSA-C.C. art. 667. To recover under Article 667, a party must prove that operations on his neighbor's land have become a nuisance causing him to suffer damage. Arnold v. Town of Ball, 94-972 (La.App. 3rd Cir.2/1/95), 651 So.2d 313.
In the present case, defendant testified that rain runoff from the plaintiffs' land had caused erosion damage and he introduced into evidence an exhibit showing the cost of buying and applying dirt to raise his lot's elevation. However, defendant did not present any evidence regarding the type or extent of the alleged damage caused to his land by the runoff from the *1112 plaintiffs' lot. Based upon this record, we cannot say the trial court was clearly wrong in finding that defendant failed to produce sufficient evidence to establish that he was deprived of the use of his property by the activity of the plaintiffs. The assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed to the appellant, John Brister, Jr.
AFFIRMED.